XAVIER BECERRA
Attorney General of California
ANNE MICHELLE BURR
Supervising Deputy Attorney General
CARA M. PORTER
Deputy Attorney General
State Bar No. 266045
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3508
  Fax: (415) 703-5480
  E-mail: Cara.Porter@doj.ca.gov
*Attorneys for Defendant*
*California Franchise Tax Board*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>**DAVID GREGORY MCCLURE,**<br><br>                             Debtor.<br><br>**DAVID GREGORY MCCLURE,**<br><br>                             Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA FRANCHISE TAX BOARD,**<br><br>                             Defendant. | CASE NO. 12-52306 MEH-13<br><br>Chapter 13<br><br>Adversary No. 17-05083<br><br>**DEFENDANT CALIFORNIA FRANCHISE TAX BOARD'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:   July 9, 2018<br>Time:      11:00 a.m.<br>Place:     3035<br>Judge:    The Honorable M. Elaine Hammond |

Defendant California Franchise Tax Board ("FTB") hereby moves pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure, for summary judgment determining that the tax and interest on tax owed by plaintiff and debtor David Gregory McClure to FTB related to the 2003 through 2007 tax years (the "subject liabilities") were not discharged under either 11 U.S.C. §§ 1328(a)(2) and 523(a)(1)(B)(ii), or the Order of Discharge entered in the main bankruptcy case, Case No. 12-52306, on January 11, 2017 (the "Motion").

The Motion is made on the following four grounds. First, the subject liabilities fall squarely within the exception to discharge provided by the plain language of § 523(a)(1)(B)(ii). It is undisputed that debtor was required to file his state tax returns related to the 2003 through 2007 tax years, that debtor filed those returns after the date on which they were last due, and that debtor filed those returns after two years before the petition date. Second, it is undisputed that the Order of Discharge entered in the main bankruptcy case specifically did not discharge debts described in § 523(a)(1)(B). Third, it is undisputed that the confirmed Chapter 13 Plan did not contain a provision that expressly or impliedly stated that the subject liabilities were discharged despite the exception to discharge included in § 1328(a)(2). Fourth, the Ninth Circuit B.A.P.'s holding in *Bisch v. United States of America* (*In re Bisch*), 159 B.R. 546 (B.A.P. 9th Cir. 1993), supports FTB's position that a debt described in § 523(a)(1)(B) – such as the subject liabilities – passes through bankruptcy unaffected by a discharge under § 1328(a).

The Motion is based upon this motion, the Joint Stipulation of Facts in Support of Cross-Motions for Summary Judgment (filed on February 27, 2018 as Docket No. 7), the concurrently filed Notice of FTB's Motion for Summary Judgment and Memorandum of Points and Authorities in Support of FTB's Motion for Summary Judgment, the files and records in this action, and any further evidence and argument that the Court may receive at or before the hearing.

WHEREFORE, defendant FTB prays for an order from this Court as follows:

1. That the Court enter judgment that the tax and interest on tax owed by debtor to FTB related to the 2003 through 2007 tax years have not been discharged, and

///

2. That FTB receive such other and further relief as this Court deems just and proper.

Dated: May 21, 2018                          Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANNE MICHELLE BURR
Supervising Deputy Attorney General


*/s/ Cara M. Porter*
CARA M. PORTER
Deputy Attorney General
*Attorneys for Defendant*
*California Franchise Tax Board*

SF2017901668

3

FTB'S MOTION FOR SUMMARY JUDGMENT (AP Case No. 17-5083)

Case: 17-05083   Doc# 13   Filed: 05/21/18   Entered: 05/21/18 13:06:22   Page 3 of 3