Entered on Docket
August 12, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GREGORY McCLURE, <br><br> Appellant, <br><br> v. <br><br> STATE OF CALIFORNIA FRANCHISE TAX BOARD, <br><br> Appellee. | No. 19-16499 <br><br> D.C. No. 3:18-cv-05241-VC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 5, 2020**

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

David Gregory McClure appeals pro se from the district court's judgment affirming the bankruptcy court's summary judgment in his adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision in an appeal from the bankruptcy court, and apply the same

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

standard of review the district court applied to the bankruptcy court's decision. *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). We affirm.

The bankruptcy court properly granted summary judgment because McClure failed to raise a genuine dispute of material fact as to whether his tax debt was discharged by the bankruptcy court. *See* 11 U.S.C. § 523(a)(1)(B)(ii) (a discharge of debts under 11 U.S.C. § 1328 does not include tax debts "filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition"). Contrary to McClure's contention, res judicata does not preclude the Tax Board from collecting the debt. The Tax Board was not on notice that the debt was going to be discharged. *See In re Enewally*, 368 F.3d 1165, 1173 (9th Cir. 2004) ("Although confirmed plans are *res judicata* to issues therein, the confirmed plan has no preclusive effect on issues that . . . were not sufficiently evidenced in a plan to provide adequate notice to the creditor.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16499

Case: 17-05083   Doc# 43   Filed: 08/10/20   Entered: 08/12/20 07:35:12   Page 2 of 2